BURT, Respondent, v. THOMPSON, Appellant.

(220 N. W. 880.)

(File No. 6246. Opinion filed August 18, 1928.)

*Mather, Stover & Mather* and *Case & Case,* all of Watertown, for Appellant.

*Perry F. Loucks* and *Hasche & Foley,* all of Watertown, for Respondent.

POLLEY, J. Plaintiff in this action is the trustee in bankruptcy of the estate of one Don Quincy Allen. Said bankrupt, on and prior to the 16th day of June, 1921, owned a certain piece of real property in Watertown. On said date Allen conveyed said property to Sarah E. Reeve. It is claimed that this conveyance was fraudulent and without consideration. This deed was recorded, and title to the property remained in Reeve's name of record until the 7th day of December, 1923, when she conveyed it to Gay Thompson, the defendant in this action. The consideration for this conveyance was $1,900. Of this amount $1,000 was paid in cash at the time of the conveyance. For the balance of $900 she gave her promissory note, payable one year from date, and secured by a mortgage on the property. This was a bona fide transaction; and the defendant acquired title to the property, subject to said mortgage only; and whether the conveyance to Reeve was fraudulent is not material. The mortgage given by defendant to Reeve was not recorded, but it and the $900 note were turned over to the said Allen, who placed both note and mortgage in a safety box in a Watertown bank. Subsequently and before the date of maturity of the note and mortgage, this box, together with the note and mortgage, were seized by plaintiff as trustee in bankruptcy.

The court fund, and we think the evidence fairly proves, that this note, while payable on its face to Sarah E. Reeve, was in fact owned by Allen, and that, when plaintiff was appointed trustee of Allen's estate in bankruptcy, he (plaintiff) succeeded to the ownership of the note and mortgage. The court further found that

defendant had not paid the said note nor any part thereof. If these findings are correct, then it follows, as a matter of course, that plaintiff, as such trustee in bankruptcy, is owner of said note and mortgage. There seems to be little, if any, question that Allen was the real owner of the note and mortgage at the time they came into the possession of plaintiff; but defendant contends that she had paid the note in full before it reached the plaintiff and before she knew of the fraudulent character of the conveyance from Allen to Reeve. The court decreed that the note had not been paid and that plaintiff was entitled to proceed to enforce payment of the same as the owner and holder thereof.

Within the time allowed by law as enlarged by the court, the defendant gave notice of intention to move for a new trial, naming the following specific grounds on which said motion would be based: First, insufficiency of the evidence to justify the findings of fact, conclusions of law, and judgment entered thereon; second, error in law occurring at the trial and excepted to by the defendant; third, newly discovered evidence, material to said defendant, which she could not with reasonable diligence have discovered and produced at the trial.

We believe the evidence is sufficient to warrant the findings made by the court, and the record fails to discolse any errors of law that would warrant us in disturbing the judgment.

Under the head of newly discovered evidence, appellant filed a number of affidavits setting out the facts claimed by them to constitute newly discovered evidence; but these facts do not constitute newly discovered evidence, for they are all facts that were known to both defendant and her counsel before the trial and could all have been proven at the trial by persons then present in court or who were then in the city of Watertown and could have been procured on a few minutes' notice. The only issue involved in the case that was of any concern to the appellant was whether the $900 note and mortgage found in Allen's safety deposit box had ever been paid. A number of the affidavits filed by appellant tend to prove that this money had been paid shortly after the execution of the note; but the statements in the affidavits that were filed to prove this fact are so evasive, vague, and uncertain that the trial court may not have believed that such payment had ever been made. There was no explanation or attempted explanation

of the fact that the note and mortgage had not been taken up by the defendant when the money was paid. The trial court may well have been of the opinion that the showing made by the defendant to the effect that the note had been paid was not sufficient to overcome the presumption created by the existence of the note itself, in the hands of the payee and before maturity, that it had not been paid. It is claimed, however, by the appellant, that grounds other than those stated in the notice of intention to move for a new trial existed, and, prior to the hearing of the motion for a new trial, but after the expiration of the time for serving notice of intention to move for a new trial, appellant attempted to amend her notice of intention to move for a new trial by the addition of the two following grounds:

"First. Irregularities in the proceedings of the court in the consolidation of this action with other actions, by which the defendant, Gay Thompson, was prevented from having a fair trial; second, surprise, which ordinary prudence could not have guarded against."

This amendment was denied by the court, and error is predicated upon such denial. Whether such amendment was properly denied is not essential to a disposition of the case. Assuming that the statements contained in the affidavits setting out the newly discovered evidence are true, there does not seem to us to be any likelihood that the result of a second trial would be different from the result of the first; and, where it does not appear to this court from the purported newly discovered evidence that the judgment on a second trial would be different from the judgment on the first, it is not proper to grant a new trial.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

BURCH, P. J., and CAMPBELL, BROWN, and SHERWOOD, JJ., concur.